BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Ping Zhang (SBN 312257)
PZhang@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Plaintiff
POWERPC COMERCIO DE EQUIPAMENTOS DE INFORMATICA LTDA

# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| POWERPC COMERCIO DE EQUIPAMENTOS DE INFORMATICA LTDA, a Brazilian corporation,<br><br>                Plaintiff,<br><br>  vs.<br><br>SKY GLOBAL SERVICES INC., a California corporation; WILLIAM HARRISON, an individual; ELOIZA SATO, an individual; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. 8:18-cv-00614<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) FRAUD**<br><br>**(3) COMMON COUNT (ACCOUNT STATED)**<br><br>**(4) UNJUST ENRICHMENT**<br><br><br>JURY TRIAL REQUESTED |

152718.00601/107034486v.1

**COMPLAINT**

Plaintiff PowerPC Comercio De Equipamentos De Informatica LTDA ("PowerPC" or "Plaintiff") hereby alleges as follows:

## THE PARTIES

1. PowerPC is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of Brazil. PowerPC is engaged in the business of supplying electronic products as a contract manufacturer.

2. PowerPC is informed and believes, and based thereon alleges, that defendant Sky Global Services Inc. ("Sky Global") is, and at all times herein was, a California corporation registered to conduct business in the State of California.

3. PowerPC is informed and believes, and based thereon alleges, that defendant William Harrison ("Harrison") is an individual residing in Orange County, California, and is the owner and Chief Executive Officer of Sky Global.

4. PowerPC is informed and believes, and based thereon alleges, that defendant Eloiza Sato ("Sato") is an individual residing in Orange County, California, and is an employee and/or agent of Sky Global.

5. PowerPC does not know the true names or capacities of the defendants sued herein as DOES 1 through 50, inclusive. PowerPC is informed and believes, and based thereon alleges, that each of the defendants sued as DOES 1 through 50, inclusive, are the agents, employees, partners, joint venturers, or alter egos of the known defendants. At such time as the true names of DOES 1 through 50, inclusive, become known to PowerPC, PowerPC will amend this Complaint to insert the true names and capacities of such defendants by appropriate substitution.

6. PowerPC is informed and believes, and based thereon alleges, that at the time of the acts, conditions, and events alleged in this Complaint, each of the defendants was acting as the agent, servant, employee, officer, director, partner, joint venturer, principal, master, employer, and/or alter ego of each of the other defendants and is liable, directly and/or vicariously, for the wrongful acts and omissions of each of the defendants that are the subject of this Complaint.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(3) because the parties are completely diverse and the amount in controversy exceeds the $75,000 minimum jurisdictional requirement, exclusive of interest, costs and attorneys' fees.

8. This Court has personal jurisdiction over Harrison and Sato because both of them reside in California. The Court also has personal jurisdiction over Sky Global because it is registered to conduct business within the State of California.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims asserted herein occurred within this judicial district, in that the acts of breach of contract, fraud occurred within this judicial district. Venue is also proper in the Central District of California under 18 U.S.C. §§ 1381(b) and 1965(a) because Harrison, Sato and Sky Global reside in this judicial district and Harrison, Sato and Sky Global (collectively, the "Defendants") transact business within this judicial district.

## GENERAL ALLEGATIONS

10. PowerPC is involved in the business of buying and selling electronic products.

11. PowerPC is informed and believes, and on that basis alleges that Sky Global is, and at all times mentioned herein was, in the business of supplying electronic products as a contract manufacturer.

12. PowerPC has conducted business with Sato successfully since 2015 in other transactions related to other companies. Based on PowerPC's trust in and history with Sato, PowerPC relied on her representations regarding Sky Global as a reputable contract manufacturer.

13. Between April and November 2017, PowerPC was engaged in discussions with Sato, an employee and/or agent of Sky Global, regarding ordering certain electronic products from Sky Global.

14. As a result of these negotiations, in early October 2017, PowerPC ordered 5,000 units of "Micron 4GB PC3-12800 DDR3" ("Micron 4GB Items") from Sky Global through Sato.

15. Parties further agreed that the price of each unit was $19.50. As a result, the total consideration for the 5,000 unit order was $97,500.00.

16. Sky Global insisted that PowerPC pay 50% of the total consideration ($48,750.00) in advance. Sky Global also requested that PowerPC pay the remaining $48,750.00 upon receiving the 5000 units with the shipment to be delivered by cargo agent to Doral, Miami in Florida.

17. Based on the above discussion, Sky Global issued an Invoice to PowerPC on October 5, 2017. A true and correct copy of the Invoice is attached hereto and incorporated by reference as **Exhibit A**.

18. On the Invoice, Sky Global stated that the goods would be delivered in "ten days" through either DHL, FedEx or UPS from California to the cargo agent represented in the United States by Rogerio of PowerPC in Miami. See "Delivery Term", of the Invoice. Throughout the transaction, Sato declined to disclose the identity of the supplier. Sato only stated that the supplier is not from the United States, but that the goods would be shipped from California. Sato further represented that it would take around five to seven days to ship the goods to Miami.

19. Sato also represented that she would inspect the goods personally upon arrival in California. Sato assured that she had already talked with Rogerio and would ship the goods through UPS with insurance. Sato further represented that for the shipping from California to Miami, she would coordinate all logistics in order to guarantee the arrival of the products in good condition and working order to Rogerio.

20. On or around October 6, 2017, PowerPC paid 50% of the total consideration in the amount of $48,750.00 to Sky Global. Sky Global acknowledged receipt of the payment on October 12, 2017.

21. After making payment on or around October 6, 2017 and before receiving the shipment on October 27,2018, PowerPC continually checked the status of the order and shipping with Sato virtually every day because PowerPC was in urgent need of the Micron 4GB Items to fulfill its obligations with its customers. However, Sato could not provide basic information regarding whether and when Sky Global placed the order with the vendor, when the goods would arrive in California, or when the goods would be delivered in Miami. Sato repeatedly stated that Harrison, the owner and Chief Executive Officer of Sky Global, was handling the delivery.

22. On October 24, 2017, three days before the shipment arrived in Miami, Harrison suggested that he may have another 3,000 units available for sale under the same payment terms (the price of $19.50 per unit with half of the total shipment price to be paid in advance.)  In fact, Sky Global sent a pro forma invoice to PowerPC for payment. Harrison represented that the 3,000 additional units would only be reserved for PowerPC if PowerPC immediately paid another $48,750.00.

23. On October 27, 2017, PowerPC received the packages from Sky Global. The boxes contained only Arrowhead bottled water, instead of Micron 4GB Items ordered by PowerPC. A true and correct copy of the photos of the delivered packages' label and contents is attached hereto and incorporated by reference as **Exhibit B.** There was no packing list in the boxes. The packages were not insured as Sky Global had promised.  The packages were not sent using Sky Global's account, but on Rogerio's account without the authorization of the same.

24. PowerPC contacted Sato immediately. Sky Global and Sato did not deny that non-conforming goods were shipped to PowerPC rather than the Micron 4GB Items.   Sky Global, Harrison and Sato promised to solve the problem. But to date, no solution has been proposed. Further, Sky Global, Harrison and Sato failed to provide underlying supporting documents to prove that the Micron 4GB Items actually existed or were intended to be shipped to PowerPC. Sky Global, Harrison and Sato did not produce basic documentation to support the claim that the cargo was posted according

to the invoice between Sky Global and PowerPC, nor did they provide photos of the merchandise that proves the posting of the Micron 4GB Items rather than bottles of water. Indeed, there is considerable difference in the weight of Micron 4GB Items as opposed to bottled water. The difference would be easily identified with the pictures of the posting or printing of the UPS screens with respect to the volume and weight reported on the shipment.

25. To mitigate the damage, PowerPC requested that Sky Global ship the 3,000 units Harrison had mentioned were available on October 24, 2017 as a replacement of the nonconforming supplying, but Sky Global, Harrison and Sato never replied.

26. PowerPC has made multiple written and oral demands to Sky Global, Harrison and Sato for returning the first payment it made in the amount of $48,750.00. As of the date of the filing of this Complaint, $48,750.00 remains due and owing to PowerPC. A true and correct copy of a Demand Letter dated February 7, 2018 is attached hereto and incorporated by reference as **Exhibit C.**

## FIRST CLAIM FOR RELIEF

### (Breach Of Contract)

### (Against Defendants Sky Global and DOES 1-50)

27. PowerPC repeats, realleges and incorporates herein by reference, paragraphs 1 through 26, inclusive, of this Complaint as if set forth in full.

28. Pursuant to the Invoice, Sky Global is and was contractually obligated to ship conforming goods ordered by PowerPC. Specifically, Sky Global was required to supply 5,000 units of Micron 4GB Items to PowerPC. PowerPC has performed its contractual obligation by paying half of the total consideration in the amount of $48,740.00 on October 6, 2017 in advance of receiving the order.

29. Sky Global breached its contractual obligation by failing to supply goods conforming to the Invoice. Instead of supplying 5,000 units of Micron 4GB as promised, Sky Global provided shipments of Arrowhead bottled water.

30. PowerPC attempted to mitigate the damage by offering to accept the 3,000 units Harrison of Sky Global mentioned before the first installment was delivered, but Sky Global remains unresponsive. As such, PowerPC has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions both parties negotiated and agreed upon on the Invoice.

31. Sky Global breached its contractual obligation with PowerPC by failing and refusing, and continuing to fail and refuse, to perform its contractual obligation.

32. As a direct and foreseeable result of Sky Global's breaches of its contractual obligation and the Invoice, Sky Global currently owes PowerPC, and PowerPC has been damaged in the amount of $48,750.00 plus consequential damage and accruing interest and other charges as allowed by contract law.

## **SECOND CLAIM FOR RELIEF**

### (Fraud)

**(Against Defendants Sky Global, Harrison and Sato and DOES 1-50)**

33. The allegations contained in paragraphs 1 through 32 above are hereby incorporated by reference as if fully set forth herein.

34. Sky Global, Harrison and Sato misrepresented to PowerPC that Sky Global will order and ship Micron 4GB Items to PowerPC according to the Invoice.

35. Harrison also misrepresented to PowerPC that he had an additional 3,000 Micron 4GB Items available to ship to PowerPC in an attempt to obtain additional payments from PowerPC.

36. The misrepresentations made by Sky Global, Harrison and Sato were material to PowerPC's transactions and business decisions as PowerPC informed Sato and Sky Global several times that PowerPC was in urgent need of these products.

37. Sky Global, Harrison and Sato did not intend to actually order or ship the subject products when they made these misrepresentations. Indeed, Sky Global, Harrison and Sato have failed to produce any documents to support that the subject

products actually existed or were ordered to ship to PowerPC. Despite repeated demands from PowerPC, Sky Global, Harrison and Sato have neither produced basic documentation supporting its claim that the cargo was insured, shipped, and paid for with the originating supplier, nor provided photos of the merchandise or UPS screen print. After receiving the boxes of Arrowhead bottled water instead of the Micron 4GB Items, PowerPC requested Sky Global, Harrison and Sato provide documentation to support the order and shipping multiple times. Sky Global, Harrison and Sato failed to and in fact, could not provide any documentation.

38. Sky Global, Harrison and Sato intended that PowerPC rely on the misrepresentations they made.

39. PowerPC reasonably relied on the misrepresentations of Sky Global, Harrison and Sato.

40. PowerPC paid half of the total consideration in advance, but did not receive the subject products.

41. PowerPC was harmed as a result of the misrepresentations made by Sky Global, Harrison and Sato in an amount to be proven at trial, but which is believed to exceed $75,000.

42. PowerPC's reliance on the misrepresentations of Sky Global, Harrison and Sato was a substantial factor in causing its harm.

43. Exemplary or punitive damages in addition to actual damages may be imposed for fraud. PowerPC is informed and believes that the misrepresentations made by Sky Global, Harrison and Sato demonstrated fraud, oppression, and malice, and the intent to deprive PowerPC of its respective rights, thus justifying an award of punitive and exemplary damages in a sum according to proof, but an amount no less than $100,000.00.

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

(Common Count – Account Stated)

**(Against Defendants Sky Global, Harrison and Sato and DOES 1-50)**

44.   PowerPC repeats, realleges and incorporates herein by reference, paragraphs 1 though 43, inclusive, of this Complaint as if set forth in full.

45.   PowerPC paid $48,750.00 to Sky Global as the consideration for 5,000 units of Micron 4GB Items. Sky Global breached its contractual obligation by supplying Arrowhead bottled water instead of the Micron 4GB Items PowerPC order. As a result, PowerPC is entitled to the return of $48,750.00.  Sky Global is indebted to PowerPC for failing to provide conforming goods ordered by PowerPC under the Invoice in a total amount of no less than $48,750.00 (the "Account").  No part of the Account has been paid, although demand has been made, and there is now due, owing, and unpaid from Sky Global to PowerPC the sum of no less than $48,750.00, plus interest at the maximum rate permitted by law.

46.   These amounts were stated in writing between the parties as set forth above on numerous occasions, including by and through a Demand Letter dated February 7, 2018 as set forth above.

47.   Although Sky Global, Harrison and Sato did not deny the non-conforming goods shipped to PowerPC and promised to solve the problem, no solution has been proposed. PowerPC demanded payment from Sky Global based on the Account, which Sky Global is obligated to pay, Sky Global has failed to pay $48,750.00, found due and owing to PowerPC.

## FOURTH CLAIM FOR RELIEF

(Unjust Enrichment)

**(Against All Defendants)**

48.   PowerPC repeats, realleges and incorporates herein by reference, paragraphs 1 through 47, inclusive, of this Complaint as if set forth in full.

49. By reason of the wrongful acts and omissions alleged herein, the Defendants were unjustly enriched at the expense of and to the detriment of PowerPC.

50. PowerPC seeks restitution from the Defendants, and seek an order of this Court disgorging all profits, benefits and other compensation obtained by the Defendants as a result of their wrongful acts and omissions

51. These amounts were stated in writing between the parties as set forth above on numerous occasions, including by and through invoice and a Demand Letter dated February 7, 2018 as set forth above.

52. The reasonable amount owed to PowerPC by Defendants is $48,750.00.

## PRAYER FOR RELIEF

WHEREFORE, PowerPC prays for judgment in its favor and an Order granting the following relief against Defendants, and each of them as follows:

AS TO THE FIRST CLAIM FOR RELIEF (BREACH OF CONTRACT):

1. General, special and incidental damages against Sky Global and DOES 1-50 in the sum of no less than $48,750.00;

AS TO THE SECOND CLAIM FOR RELIEF (FRAUD)

2. General, special and incidental damages against Sky Global, Harrison, Sato and DOES 1-50 including but not limited to punitive and exemplary damages in an amount to be proven at trial, but in the amount exceeding $100,000.00.

AS TO THE THIRD CLAIM FOR RELIEF (Common Count- Account Stated)

3. General, special and incidental damages against Sky Global, Harrison, Sato and DOES 1-50 in an amount to be proven at trial.

AS TO THE FOURTH CLAIM FOR RELIEF (Unjust Enrichment)

4. General, special and incidental damages against all Defendants in an amount to be proven at trial.

AS TO ALL CAUSES OF ACTION

5. Reasonable attorneys' fees as allowed by contract or law;

1     6. For costs of suit herein incurred; and

2     7. For such other relief as this Court deems just and proper.

6   DATED: April 13, 2018         BLANK ROME LLP

By: /s/ Ping Zhang
    Cheryl S. Chang
    Ping Zhang
Attorneys for Plaintiff
POWERPC COMERCIO DE
EQUIPAMENTOS DE INFORMATICA LTDA